IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| GREGORY S. MARKANTONE, DPM, PC., And GREGORY S. MARKANTONE, Plaintiffs, vs. PODIATRIC BILLING SPECIALISTS, LLC, Defendant. | Civil Action No. 14-00215 Chief Magistrate Judge Lisa P. Lenihan |

**MEMORANDUM OPINION**
**ON MOTION OF DEFENDANT TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

**I. Summation**

The Motion to Dismiss filed by Defendant The Podiatric Billing Specialists, LLC ("Defendant") will be granted on substantive grounds,[1] as Plaintiff corporation Gregory S. Markantone, DPM., PC., and Plaintiff individual Gregory S. Markantone (collectively, "Plaintiffs") fail to state a cognizable claim for copyright infringement. See Dawes-Lloyd v. Publish America LLLP, 441 Fed. Appx. 956, 957 (3d Cir. 2011) (holding that a prima facie case of copyright infringement requires a registered copyright under 17 U.S.C. § 411(a) (2012)); 17 U.S.C. § 501(a) (2012) (stipulating that alleging the violation of one or more of the "exclusive rights" granted to a copyright owner is essential to a cause of action for copyright infringement).

---

[1] See Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 169 (2010) ("We thus conclude that § 411(a)'s [copyright] registration requirement is nonjurisdictional, notwithstanding its prior jurisdictional treatment.")

1

"This case is simply a contractual dispute between Pennsylvania parties."[2] Reply Brief in Support of Defendant's Motion to Dismiss at ¶ 2 (ECF No. 13). Accordingly, because the parties are not diverse, upon dismissal of the federal question presented by the copyright claim and absent extraordinary circumstances, the Court lacks jurisdiction over all pendent state law claims. Dismissal of the Complaint in its entirety will therefore be granted. Furthermore, Plaintiffs' Notice of Demand for Data Backup (ECF No. 4) and Motion to Compel Impoundment of Subject-Matter (ECF No. 14) are mooted by grant of Defendant's Motion to Dismiss.

## II. Factual and Procedural History

Plaintiff corporation is a podiatry medical practice located in Latrobe, Pennsylvania. Plaintiffs' Complaint ("Complaint") at ¶¶ 1, 6 (ECF No. 1). Plaintiff individual practices at the same location. Id. at ¶ 1. Plaintiffs make a blanket assertion that they have a "copyright ownership interest" in their "office procedures, patient information, operational rules, and related data" ("Medical Data"). Id. at ¶¶ 6, 8. Defendant, a Pennsylvania limited liability company, is a "professional podiatric billing specialist" that developed companion software and/or "podiatry templates" to facilitate the collection and entry of patient data ("the Content"). Id. at ¶¶ 2, 9.

On February 22, 2012, Plaintiff corporation and Defendant entered into a "Content License Agreement" ("the Agreement"). Compl. & Ex. 1 (ECF No. 1-1). Pursuant to the Agreement, Plaintiff corporation purchased (1) a license to use Allscripts MyWay software under the terms of the Allscripts MyWay software license agreement[3] and (2) a license to use the

---

[2] Plaintiffs' utterly inapposite Picasso hypothetical fails to persuade this Court otherwise. See Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss at ¶¶ 1-2 (ECF No. 8).

companion Content developed by the Defendant. Id. at ¶ 1. The license between Plaintiff corporation and Defendant remained in effect only as long as the requisite Allscripts MyWay software remained available. Id. at ¶ 5. Allscripts retired its MyWay software, see Compl. at ¶ 24 & Ex. 5 at ¶ 1 (ECF No. 1-5), which, in turn, triggered the termination of the Agreement. The Agreement fails to fully address either (a) the extraction of a podiatrist's Medical Data from Defendant's proprietary Content or (b) any associated costs has created a contract interpretation dispute between the parties.[4]

In December 2013, Plaintiffs demanded from Defendant the "immediate tender" of the Medical Data, including any content "incorporated with it."[5] See Compl. & Ex. 2 at ¶ 3 (ECF No. 1-2). Defendant maintained that there were problems associated with extracting and

---

[3] Allscripts, a third party provider that is not party to the instant litigation, supplied the MyWay software.

[4] The Agreement's sole related termination provision reads:

> Upon termination of this License for any reason, [Plaintiff] must cease use of the Content, delete the Content from all computers on which the Content was loaded and destroy all accompanying written materials provided by Licensor and all copies thereof (if any) (except that you will continue to have the right to use content that has been incorporated into patient care and billing records prior to the date of termination of this License so long as such use otherwise complies with the terms of this License).

Compl. & Ex. 1 at ¶ 5 (ECF No. 1-1).

Plaintiffs' pre-litigation correspondence with Defendant frames the issue as a contractual dispute, not a copyright infringement claim. See e.g. Compl. & Ex. 4 at ¶¶ 1-2 (ECF No. 1-4) (Plaintiffs' Dec. 17, 2013 correspondence to Defendant identifying above as "the exact [contractual] clause that is actually at issue").

[5] See Compl. & Ex. 2 at ¶ 3 (ECF No. 1-2)("If [Defendant's] content is included with the data, so be it [.]").

Neither Plaintiffs nor Defendant provide a clear definition of "incorporated" and/or "de-incorporated" Content or Medical Data.

transferring Plaintiffs' Medical Data while protecting its proprietary Content. See Compl. & Ex. 3 at ¶ 2 (ECF No. 1-3). Plaintiffs aver that Defendant proposed Plaintiffs pay $2000.00 in exchange for the transfer of "deactivat[ed]" database(s) and disavowed any responsibility as to the integrity of the deactivated Content. Id. at ¶ 3.[6] Plaintiffs declined the offer. See Compl. & Ex. 2 at ¶¶ 4-5.

Plaintiffs filed suit against the Defendant on February 13, 2014. See Compl. Plaintiffs' claim for copyright infringement is premised on Defendant's "using Plaintiffs [*sic*] Medical Data in a manner against the directive of Plaintiffs . . . in violation of 17 USC [*sic*]." Id. at ¶ 33. The Complaint sets forth five additional counts including: Declaratory Relief; Permanent and Temporary Specific Performance/Injunction; Breach of Contract; Tortuous Interference with Contractual Relations; and Tortuous Interference with Prospective Business Advantage. Id. at ¶¶ 17-31.

In response, on April 14, 2014, Defendant filed a motion to dismiss the Complaint in its entirety. See Defendant's Motion to Dismiss (ECF No. 5). Defendant avers that Plaintiffs fail to state a cognizable copyright infringement claim and, because the parties are not diverse, upon proper dismissal of the federal question presented, this Court lacks jurisdiction over the pendent state law claims. Id.

### III. **Applicable Standard of Review**

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Fed. R. Civ. P 12(b)(6):

---

[6] This Court notes that Defendant's proposed deactivated transfer may be composed of little more than "patient demographics." See Compl. & Ex. 3 at ¶ 3 (ECF No. 3) (Defendant's Dec. 4, 2013 correspondence to Plaintiffs).

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. Univ. of Pittsburgh Med. Ctr. Shadyside, 578 F.3d 203, 213 (3d Cir. 2009); see also Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir. 2013).

Thompson v. Real Estate Mortg. Network, ___ F.3d ___, 2014 WL 1317137, *2 (3d Cir. Apr. 3, 2014).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. <u>Analysis</u>

### A. <u>Failure to State a Copyright Infringement Claim Pursuant to 17 U.S.C. § 411</u>

As a threshold matter the Court must address Defendant's 12(b)(6) motion, and assure that Plaintiffs put forth allegations that raise "a reasonable expectation" that discovery will reveal evidence of the necessary elements of a copyright infringement claim. See Fowler, 578 F.3d at 213.

To establish a claim for copyright infringement, Plaintiffs must prove: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the works that are original." Impact Applications, Inc. v. CNS Vital Signs, No. 13-580, 2013 WL 5936422, at *5 (W.D. Pa. 2013) (citing Jackson v. Booker, 465 Fed. Appx. 163, 165 (3d Cir. 2012) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv., Co., 499 U.S. 340, 361 (1991)). Without evidence of registration, absent certain narrow exceptions inapplicable to the case *sub judice*,[7] a copyright claim does not exist. See Dawes-Lloyd, 441 Fed. Appx. at 957 ("An action for infringement of a copyright may not be brought until the copyright is registered."). In addition, the allegation of the violation of one or more of the "exclusive rights" granted to a copyright owner is essential to a cause of action for copyright infringement. See 17 U.S.C. § 501(a) (2012). Therefore, where either (a) the disputed material was not registered with the United States Copyright Office, and no exceptions applied, or (b) the copyright owner fails to allege that one or more of their "exclusive rights" were violated, a party fails to state a claim for copyright infringement. Here, even if Plaintiffs meet the registration requirement, which this Court expressly finds they do not, their claim would still fail for want of any alleged violation of a protected right.

More specifically, Plaintiffs assert that in accordance with the Supreme Court's decision in Reed Elsevier Inc. v. Muchnick, 559 U.S. 154 (2010), this Court has subject-matter jurisdiction regardless of whether the Medical Data sought was registered with the United States

---

[7] See Reed Elsevier Inc., 559 U.S. at 165 (Section 411(a) "expressly allows courts to adjudicate infringement claims involving unregistered works in three circumstances: where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused [by the United States Copyright Office]. Separately, § 411(c) permits courts to adjudicate infringement actions over certain kinds of unregistered works [consisting of sounds, images, or both] where the author "declare[s] an intention to secure copyright in the work" and "makes registration for the work, if required by subsection (a), within three months after [the work's] first transmission. 17 U.S.C. §§ 411(c)(1)-(2)").

Copyright Office. See Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss at ¶ 3 (ECF No. 8). Plaintiffs further contend that the current claim should be exempted from 17 U.S.C. § 411(a)'s registration requirement because "substantial justice requires that [the] Plaintiff[s] be afforded the opportunity to register the [Medical Data]." Id. at 4. However, Plaintiffs fail to provide any authority that interprets 17 U.S.C. § 411(a)'s registration requirement as an elective element. It is not.

Plaintiffs are correct that failure to register or attempt to register a copyright is a *non-jurisdictional* question; but it is a *substantive* question for consideration on challenge, and one which they clearly fail to meet. See Reed Elsevier Inc., 559 U.S. at 162-63 (finding that 17 U.S.C. § 411(a)'s registration requirement is a "substantive ingredient" of a copyright infringement claim).[8]

Moreover, even if Plaintiffs owned a copyright or fell within an exception under 17 U.S.C. § 411, which this Court expressly finds they do not, Plaintiffs fail to allege an infringement of any of the "exclusive rights" of a copyright owner pursuant to 17 U.S.C. § 106 (2012).[9] Instead, Plaintiffs have stated that the Defendant is using the Medical Data "against the

---

[8] The Court further notes that although Plaintiffs assert a "copyright interest" in the Medical Data defined as "office procedures, patient information, operational rules, and related data", see Compl. at ¶ 6, in their pre-litigation correspondence with Defendant, Plaintiffs identified the "Medical Data" held by Defendant and to be transferred as Plaintiffs' "patient care and billing records" or "data." See e.g. Compl. & Ex. 2 at ¶¶ 1-3 (Plaintiffs' Dec. 2, 2013 correspondence referring to the Content at issue as "patient care and billing records" and "medical record data"). Cf. Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss at ¶ 7 ("Please return my data."). See also Feist Publ'ns, Inc. v. Rural Tel. Serv., Co., 499 U.S. 340, 343 (1991) ("That there can be no valid copyright in facts is universally understood."). This Court need not base its holding on this distinction.

[9] Under 17 U.S.C. § 106 (2012), " the owner of [a] copyright …has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute

7

directive of Plaintiffs", which infringes upon the Plaintiffs' "copyright interests" in violation of The United States Copyright Act, 17 U.S.C. §§ 101 – 810 (2012). See Compl. at ¶ 33. The Plaintiffs have provided neither a statue nor meaningful precedent that leads the Court to interpret a failure to follow "the directive" of a copyright owner as an infringement of the copyright owner's "exclusive rights" pursuant to 17 U.S.C. § 106.[10] Because registration of the Medical Data is not alleged, no exception under 17 U.S.C. § 411 applies, and Plaintiffs fail to allege the infringement of one or more "exclusive rights" under 17 U.S.C. § 106, Defendant's 12(b)(6) motion will be granted.

### B. Lack of Subject Matter Jurisdiction Over the Remaining Claims

Defendant seeks the dismissal of the Complaint in its entirety because upon dismissal of the Plaintiffs' federal copyright claim, this Court lacks subject matter jurisdiction over the remaining state law claims. Defendant's Memorandum in Support of Motion to Dismiss at ¶¶ 16-17 (ECF No. 6).

Article III of the United States Constitution authorizes federal court jurisdiction for suits arising under the laws of the United States. See U.S. Const. art. III, § 2, cl. 1. Congress has

---

copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission."

[10] Nor can a Plaintiff fabricate a federal copyright action by purporting to bring a claim based on Defendant's copyright. See Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss at ¶ 24. Defendant's podiatry templates may constitute "original data", but Plaintiffs' raw data does not.

authorized the federal courts to exercise "federal question" jurisdiction in 28 U.S.C. § 1331 (2012). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." City of Pittsburgh Comm'n on Human Rels v. Key Bank USA, 163 Fed. Appx. 163, 166 (3d Cir. 2006) (citing Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 195 (3d Cir. 1976)). See also Tully, 540 F.2d at 196 (finding that "substantial time devoted to the case" and "expense incurred by the parties" did not constitute "extraordinary circumstances").

Alternatively, the United States Constitution grants federal courts jurisdiction over suits arising between citizens of different states, see U.S. Const. art. III, § 2, cl. 1, which Congress codified in 28 U.S.C. § 1332(a)(1) (2012).

Upon dismissal of Plaintiffs' copyright claim and absent federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), all remaining state law claims will be dismissed consistent with the Third Circuit's ruling in Cindrich v. Fisher, 341 Fed. Appx. 780, 789 (3d. Cir. 2009) ("[I]n most cases, pendent state law claims should be dismissed without prejudice 'where the claim over which the district court has original jurisdiction is dismissed before trial.'") (citing Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d. Cir. 1995)).

The Court agrees with Plaintiffs that "a crux of the dispute" is the parties' diverging views of a contract.[11] Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss at ¶ 17. A contractual dispute between non-diverse parties is misplaced in this Court.[12]

---

[11] Indeed, any question of the costs or procedures associated with the Agreement's termination provision is one of contract.

[12] A breach of contract claim regarding the "patient care and billing records" to which Plaintiffs are entitled, inclusive of "incorporated" content, if Plaintiffs are not in possession of them, is properly placed in the State court. The arties' filings and correspondence support this Court's

## V. Conclusion

For the reasons set forth above, this Court will enter an Order consistent with this Memorandum Opinion granting Defendant's Motion to Dismiss (ECF No. 5). Plaintiffs' Notice of Demand for Data Backup (ECF No. 4) and Motion to Compel Impoundment of Subject-Matter (ECF No. 14) are mooted.

_____
LISA PUPO LENIHAN
United States Chief Magistrate Judge

Dated: June 9, 2014

---

finding. See e.g. Compl. & Ex. 1; Compl. & Ex. 2 at ¶ 5 (highlighting correspondence between Plaintiffs and Defendants regarding frustration of "contract performance"); Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss at ¶ 6 (emphasizing Plaintiffs' belief in a "continued breach of performance by Defendant").